**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Victor Leon Uriarte, )<br>　　　　Petitioner, )<br> )<br>vs. )<br> )<br>Warden McDaniels, et al., )<br> )<br>　　　　Respondents. )<br>——————————————————— ) | CV-06-2290-PHX-PGR (JCG)<br>**REPORT & RECOMMENDATION** |

    Petitioner Victor Leon Uriarte, presently incarcerated at the Reeves County Detention Center in Pecos, Texas, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 8). Petitioner did not file a Reply. The Magistrate Judge recommends that the District Court dismiss the petition on the ground that it is time barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

    On September 19, 2003, Petitioner pled guilty to possession of narcotic drugs for sale and the use of wire or electronic communications in a drug-related transaction. (Answer, Ex. C.) The trial court accepted the plea and entered it on the record on September 23, 2003. (Answer, Ex. D.) On December 8, 2003, the trial court sentenced Petitioner to an aggravated, 8-year prison term for possession of narcotic drugs for sale, and a concurrent, presumptive,

1  2 ½ year prison term for use of wire or electronic communications in a drug transaction.
2  (Answer, Ex. F.)

3  Because Petitioner pled guilty to non-capital offenses, A.R.S. § 13-4033(B) prohibited
4  him from filing a direct appeal. On March 8, 2004, Petitioner file a notice of post-conviction
5  relief in the trial court. (Answer, Ex. G.) Petitioner filed his Rule 32 petition on August 13,
6  2004, in which he presented one claim: that his sentence violated *Blakely v. Washington*, 542
7  U.S. 296 (2004). (Answer, Ex. H.) On December 10, 2004, the trial court dismissed
8  Petitioner's Rule 32 petition. (Answer, Ex. J.) Petitioner did not file a petition for review
9  with the Arizona Court of Appeals.

10  On September 25, 2006, Petitioner filed his present federal habeas petition in this
11  Court. (Doc. No. 1.) In his Petition, Petitioner argues that (1) his sentence violated his right
12  to a fair trial because the trial court applied a harmless error analysis in considering his
13  *Blakely* claim, (2) Petitioner's sentence violated *Blakely*, and (3) Petitioner's constitutional
14  right to have aggravating factors determined beyond a reasonable doubt at sentencing was
15  violated.

## DISCUSSION

17  Federal petitions for writ of habeas corpus filed by state prisoners are governed by a
18  one-year statute of limitations period. See 28 U.S.C. § 2244(d)(1).

19  The statute of limitations begins to run from the latest of: (1) the date on which the
20  judgment became final by the conclusion of direct review or the expiration of the time for
21  seeking such review; (2) the date on which the impediment to filing an application created
22  by State action in violation of the Constitution or laws of the United States is removed, if the
23  applicant was prevented from filing by such State action; (3) the date on which the
24  constitutional right asserted was initially recognized by the Supreme Court, if the right has
25  been newly recognized by the Supreme Court and made retroactively applicable to cases on
26  collateral review; or (4) the date on which the factual predicate of the claim or claims
27  presented could have been discovered through the exercise of due diligence. 28 U.S.C. §
28  2244(d)(1).

Of these possible starting dates, only the first and third are relevant to the present action. Petitioner does not allege that he was unconstitutionally impeded from timely filing the present federal Petition. Nor does Petitioner allege that his Petition is predicated on newly-discovered evidence that could not have been discovered earlier through the exercise of due diligence.

The judgment against Petitioner became final on December 8, 2003, when he was sentenced, because, under Arizona law, Petitioner waived his right to direct appeal by pleading guilty. See A.R.S. § 13-4033(B) ("In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation."); see also Rule 17.1(e), Ariz. R. Crim. P. ("By pleading guilty or no contest in a noncapital case, a defendant waives the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review.").

Petitioner alleges in his Petition, however, that his sentence violates *Blakely*. *Blakely* was decided on June 24, 2004. *See* 542 U.S. 296 (2004). If *Blakely* recognized a new constitutional right and made that right retroactive to cases on collateral review, then, pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statute of limitations began to run on June 24, 2004. However, *Blakely* does not apply retroactively on collateral review. *See Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005). Accordingly, Petitioner's began to run on December 8, 2003, the date that his conviction became final, not on the date that the *Blakely* decision was issued.

The statute of limitations is tolled during the time that a properly filed application for state post-conviction relief is pending. See 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations in this case was tolled from March 8, 2004 (the date that Petitioner filed his notice of post-conviction relief) until December 10, 2004 (the date that the trial court dismissed Petitioner's Rule 32 petition). Petitioner allowed 91 days to elapse between the time that his conviction became final and the date that he initiated post-conviction relief proceedings in state court. He therefore had 274 days, or until September 11, 2005, to file his federal

1 Petition. Petitioner did not file his federal Petition until September 25, 2006, more than a full
2 year after his 1-year limitations period had expired.

3 Equitable tolling may be available even after the statute of limitations period has
4 expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file
5 a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th
6 Cir. 1997), overruled on other grounds, *Calderon v. United States Dist. Ct.*, 163 F.3d 530
7 (9th Cir. 1998)(en banc). Equitable tolling is appropriate only if extraordinary circumstances
8 beyond a prisoner's control make it impossible to file a petition on time, and is unavailable
9 in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v.
10 Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288). Petitioner has
11 not argued that he was unable to timely file the pending petition due to extraordinary
12 circumstances beyond his control. Accordingly, the Petition is time-barred.

**RECOMMENDATION**

14 Based on the foregoing, the Magistrate Judge recommends that the District Court
15 enter an order DISMISSING the Petition for Writ of Habeas Corpus.

16 Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections
17 within ten days of being served with a copy of the Report and Recommendation. If
18 objections are not timely filed, they may be deemed waived. The parties are advised that
19 any objections filed are to be identified with the following case number: **CV-06-2290-**
20 **PHX-PGR**.

21 The Clerk is directed to mail a copy of the Report and Recommendation to
22 Petitioner and counsel for Respondents.

23 DATED this 27th day of March, 2007.

Jennifer C. Guerin
United States Magistrate Judge